Dear Representative Higginbotham:
You have requested an opinion from this office with regard to whether the Louisiana Pesticide Law prohibits or prevents the Commissioner of Agriculture (Commissioner) from:
 1.) Moving licensee subcategories from one regulatory body to another (i.e., 7bs [which relate to non-fee applicators] from the Pesticide Advisory Commission to the Structural Pest Control Commission);
 2.) Regulating the application of general use pesticides by commercial and non-fee applicators; and
 3.) Making the above changes, if necessary, through the Administrative Procedure Act (APA).
QUESTION NO. 1
The entire subject area of your inquiry is covered by the Louisiana Pesticide Law (LSA-R.S. 3:3202 et seq.), which contains within it the law covering Structural Pest Control (LSA-R.S. 3:3361 et seq.), and the rules and regulations adopted thereunder.
The subcategories referred to in your opinion request (i.e., 7b of the Pesticide Advisory Commission) are regulatory divisions established by administrative rule making in furtherance of the governing law. In order to "re-regulate" these subcategories, the enabling law, that is, the Louisiana Pesticide Law, must give the Commissioner the legal authority to do so.
The Structural Pest Control Law, which is a part of the Louisiana Pesticide Law, provides, in pertinent part, as follows:
LSA-R.S. 3:3365 (Administration)
 A. The [Structural Pest Control] Commission shall administer the provisions of this Part and the rules and regulations adopted under the provisions of this Part. [emphasis added]
LSA-R.S. 3:3365 (Administrative rules)
 A. The Commission shall adopt rules and regulations for the implementation of this Part. [emphasis added]
LSA-R.S. 3:3367 (Place of business permit)
 A. No person shall own or operate a business engaged in structural pest control work . . . [emphasis added]
LSA-R.S. 3:3376 (Exemptions)
 The provisions of this Part and the rules and regulations adopted under this Part shall not apply to the following:
 (1) Persons personally performing structural pest control work on property which they own, lease, or rent.
As referred to above, "this Part" means Part VII of the Louisiana Pesticide Law, which is the Structural Pest Control Law. The law refers to "business" and "work", and exempts persons performing pest control on their property, impliedly referring to non-fee applicators.
Considering these specific provisions and a reading of the entire Structural Pest Control Law, it is our opinion that the Structural Pest Control law applies only to fee applicators. Therefore, non-fee applicators of structural pest control pesticides are not and cannot be administratively regulated under the Structural Pest Control Law by the Commissioner or the Structural Pest Control Commission. Thus, the so called 7b category relating to non-fee applicators cannot be administratively moved from regulation under the Pesticide Advisory Commission to the Structural Pest Control Commission.
QUESTION NO. 2
LSA-R.S. 3:3203, entitled Commissioner of Agriculture, provides, in pertinent part, as follows:
 A. The commissioner shall adopt such rules and regulations as are necessary to implement the provisions of this Chapter . . . governing the registration, distribution, sale, offering for sale, and application of pesticides; . . . [emphasis added]
The definition of "pesticide", provided for by LSA-R.S.3:3202 (28), makes no distinction between general and restricted use pesticides. LSA-R.S. 3:3202 (18) defines "general use pesticide" as "a pesticide which is classified for general use by the commissioner . . ." (emphasis added) in accordance with the provisions of LSA-R.S. 3:3223. Further, the Louisiana Pesticide Law contains a number of provisions allowing and/or mandating regulatory action by the Commissioner with regard to pesticides generally as well as to "restricted use" pesticides.
It is therefore our opinion that the Louisiana Pesticide Law, in certain specific areas and under certain conditions, does not prevent the Commissioner from regulating the application of general use pesticides by both commercial and non-fee applicators.
QUESTION NO. 3
The APA is a mechanism by which the law is implemented by administrative agencies. The law itself can be neither expanded nor contracted merely through the use of APA procedures.
Therefore, it is our opinion that the action discussed in Question No. 1 cannot be accomplished by use of APA procedures, but can only be brought about through an amendment of the Louisiana Pesticide Law, including the Structural Pest Control Law. As to the action discussed in Question No. 2, the further regulation, within the bounds of the present Louisiana Pesticide Law, of the commercial and non-fee application of general use pesticides can be accomplished through the APA procedures.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb 1797o